**Marjorie RAJANNA, Respondent,**

v.

**K. RAJANNA, Appellant.**

No. WD 44147.

Missouri Court of Appeals, Western District.

March 10, 1992.

tion to strike daughter's brief is denied.

**2.** Daughter's motion for damages for frivolous appeal is denied.

K. Rajanna, pro se.

Regina Keelan Bass, Kansas City, for respondent.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

PER CURIAM.

Appellant husband Krishna Rajanna appeals a judgment rendered in a proceeding which started with his wife's, Marjorie Rajanna's, motion to hold husband in contempt for non-payment of child support ordered in earlier dissolution proceeding.

Before any hearing on the contempt motion, husband on June 16, 1990, paid up the amount of his child support arrearage. On June 18, 1990, husband requested wife to furnish him an affidavit showing he was current in his child support payments. Wife did not do so, so husband on July 19, 1990, filed a petition to require her to furnish him the requested affidavit.[1] After a hearing, the trial court denied husband's motion, and this denial is the subject of one of husband's complaints on this appeal.

Husband is entitled to the court's order requiring wife to furnish him an affidavit stating that husband as of June 18, 1990, when husband's request for the affidavit was made was current in his child

1. The trial court so interpreted the petition, reading it from its four corners, and so shall we.

support payments, and there were no support payments due and unpaid. This is all in accordance with section 452.341, RSMo. 1986, which reads as follows:

"1. Any person obligated under a judgment or order of a court to make installment payments of child support or spousal support may request from the person entitled to such support payments an affidavit attesting to the fact that the obligor is current in such support payments and that there are, on the date that the request is made, no installment payments due and unpaid. Upon such request by an obligor, any person entitled to child support or spousal support shall execute an affidavit as required by this section. 2. No affidavit shall be required to be executed if any installment of the obligor's support obligation is due or unpaid on the date that the request is made. If, however, any obligor who is current in payment of support obligations makes a request for a statement of that fact under this section and the person entitled to such support payment refuses or fails to execute the affidavit required by this section within ten days of the request, the obligor shall have a cause of action against such person for any damages caused by such failure or refusal and may, in addition to such cause of action, petition a court of competent jurisdiction to order the person entitled to the support obligation to execute the affidavit. Any person who executes a false affidavit under this section commits a class A misdemeanor as provided in section 575.-050, RSMo."

The case is remanded for the entry of an order requiring wife to execute such an affidavit and to deliver it to husband within ten days of the date of the trial court's order.

■ For his second point on appeal, husband complains the court denied his motion to allocate the child support among the three children and to allow him to pay the child support directly to the children, rather than to the wife for their support, as provided by the decree. The court found that husband had withdrawn that motion and hence did not rule on it. The record shows that husband did announce in open court he was withdrawing the motion. There is nothing before this court to review with respect to the motion.

■ For his third point on appeal, husband complains of wife's false affidavit which supported her motion to hold husband in contempt. The trial court dismissed the motion for contempt as moot. What appellate relief husband requests is not clear. He was not aggrieved by the judgment. He did not request in the trial court any specific action with respect to the affidavit. We have nothing to review with respect to the affidavit.

Judgment reversed and case remanded for entry of order requiring wife to execute affidavit in accordance with foregoing opinion.

All concur.